CURLEY v. THE STATE.

No. 8001.   Decided January 30, 1924.

**Rape—Companion Case.**

Where, upon trial of rape, the facts relied upon were similar to those in the companion case, and the newly discovered testimony relied upon in each case is identical, the judgment is reversed and the cause remanded. Following Duncan v. State, 8002, recently decided.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.—Cited: Ellison v. State, 144 Pacific Reporter, 10; Mizell v. State, 197 S. W. Rep., 300; Mann v. State, 204 id., 434.

*Grover C. Morris,* Assistant Attorney General, *R. K. Hanger,* District Attorney, and *Jesse M. Brown,* Special prosecutor, for the State.   Cited: Hamilton v. State, 36, Texas Crim. Rep., 374; Ramsey v. State, 63 S. W. Rep., 875; Hill v. State, 77 id., 808.

LATTIMORE JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant county of rape, and his punishment fixed at twenty-five years in the penitentiary.

This is a companion case to No. 8002, Ralph Duncan v. State, opinion this day handed down.   The facts relied upon in the instant case are similar to those in the companion case referred to.   The newly discovered testimony relied upon in each case is identical. In the instant case some question relative to misconduct of the jury is raised but in view of the fact that we believe the case should be reversed for the refusal of a new trial because of newly discovered evidence, and that the matter of misconduct will not likely occur again, we forego discussion.   For a more extended statement of the facts and for our views relative to the reasons for reversal, reference is made to the Duncan case, supra.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*